## JOHN T. BON, RESPONDENT, *v.* EDWARD R. SANFORD AND LEONARD G. SANFORD, APPELLANTS.

*Action for an accounting — order of reference reserving certain questions for the court — an application to confirm the report and for leave to enter a jugdment thereon, must, notwithstanding a stipulation that judgment may be entered on the report, be made to the court.*

APPEAL from a judgment entered upon the report of a referee, in an action for an accounting and a dissolution of the copartnership heretofore existing between the parties, and a distribution of the assets of the copartnership. The copartnership was in the manufacture and sale of picture frames, mouldings, etc., at Syracuse, and was continued until the appointment of a receiver in this action on the 30th day of October in the year 1874. The case was sent to a referee to take and state the account between the parties, and to ascertain and report what was due from either of said parties to the other, and by the order of reference it was " further ordered that the question of costs and all other questions be reserved until the coming in of the referee's report." During the pendancy of the receivership the receiver went on and sold and disposed of the assets and effects of the firm, and has now remaining in his hands of the proceeds of the assets of the said firm, for distribution, the sum of $19,005.46, besides the sum of $4,782.80 retained by him to await the determination of certain suits upon outstanding notes of the firm.

The referee reported the account between the copartners, distributing the remaining asset in a certain manner, and directed a judgment: 1st. Dissolving the copartnership. 2d. Stating the account between the members of the firm in pursuance of the said findings. 3d. Directing the receiver to pay out to the several members of the copartnership, out of the funds in his hands, the sums found on such accounting to be due to them respectively as their share thereof. 4th. Directing a judgment that the costs of the action be paid by the defendants. And upon the said report a judgment seems to have been entered without any further application to the court for a confirmation of the report, or to bring the questions reserved in any manner to the notice of the court.

The judgment appears to have been entered under a stipulation

between the attorneys of the respective parties as follows : After certain recitals of the previous proceedings in the case, the stipulation proceeds. " It is hereby stipulated and agreed that judgment may be entered in said action upon the filing of this stipulation ; provided, however, that in case the appellate court shall, upon the appeal from the decision upon the question of the receiver's accounting, finally determine that certain items allowed on said accounting should have been rejected or reduced in amount ; that the amount of such rejected or reduced items shall be distributed among the respective parties to this action, in the manner and upon the theory that shall be established by the appellate courts upon the final determination of the appeal from the judgment to be entered on the final report of the referee."

The appeal is from so much of the judgment as purports to distribute the assets among the parties, specifying what sums are due to each, and *secondly* from that part of the judgment which adjudges that the plaintiff is entitled to receive of the defendants the sum of $920.86 for his costs and disbursements in the action.

The court, at General Term, said : " We think this proceeding is entirely irregular, and not in accordance with the practice. We do not understand by what authority the referee adjudged the costs of the action to the plaintiff, however proper it may have been in his judgment to have imposed the costs on the defendant, especially since the *question of costs* and all other questions except the taking and stating the accounts between the parties were, by the order of reference, expressly reserved, to be determined by the court, *until the coming in of the referee's report.*"

We think the practice required the party which desired the confirmation of the referee's report to make an application to the Special Term for that purpose, upon which occasion the question of the propriety of the referee's conclusions as to the disposition of the remaining property and the question as to whether the co-partnership should be dissolved, and the question of the costs of the action, and other questions, if any, and none of which were by the order of reference referred to the referee, could be presented to and disposed of by the court.

We are, therefore, of the opinion that the judgment must be set aside as irregular, and the case must be referred back to the Special

Term to make or order such judgment in the premises as the law requires.

*Wm. C. Ruger & Louis Marshall,* for the appellants.

*Hiscock, Gifford & Doheny,* for the respondents.

Opinion by TALCOTT, P. J.; SMITH and HARDIN, J.J., concurred.

Judgment reversed and the proceedings remitted to the Special Term to enter such judgment therein as law and equity requires, the costs of this appeal to abide the award of costs in the Special Term.